IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEITH J. BARONY,                          *
            Plaintiff,
      v.                                  *      CIVIL ACTION NO. ELH-11-1873

DEPARTMENT OF PUBLIC SAFETY AND      *
CORRECTIONAL SERVICES, et al.,
            Defendants.                   *
                                        ***

## MEMORANDUM

Keith Barony, the self-represented plaintiff, was an inmate in the State of Maryland's

Western Correctional Institution in Cumberland, Maryland.[1]  He brought suit against the Maryland

Department of Public Safety and Correctional Services ("DPSCS") and DPSCS Secretary Gary D.

Maynard, defendants, complaining that his due process rights were violated in connection with

adjustment proceedings concerning an alleged rule infraction, which, upon judicial review in the

Circuit Court of Maryland for Washington County, was resolved largely in his favor.  *See* ECF 1 and

exhibits, as supplemented by ECF 4 with exhibits.   Barony seeks compensatory and punitive

damages.[2]

Defendants have filed a "Motion To Dismiss Or, In The Alternative, Motion For Summary

Judgment" (the "Motion," ECF 19).  Although I granted plaintiff's request for an extension of time

---

[1] Apparently, plaintiff has been released from custody and now resides in Baltimore, Maryland.  *See* ECF 24.  Although Barony is self-represented, the State observes that plaintiff's complaint is "written with commendable lucidity and supported by appropriate documents. . . ." ECF 19-1 at 1.

[2] Plaintiff also seeks an order mandating that the DPSCS "correct the 'conspiracy' clause by making it mandatory that they <u>formally</u> notify inmates of violating 'conspiracy' clause…." ECF 1 at 4.  This Court is without the authority to take that action. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 586-87 (4th Cir. 1969) (no mandamus jurisdiction over state agencies.).

in which to respond, *see* ECF 23, 25, plaintiff has not responded.[3]  Upon review of the Motion and

exhibits, I am satisfied that oral argument is unnecessary.  *See* Local Rule 105.6 (D. Md. 2011).

## Factual Background

A "Notice of Inmate Rule Violation and Disciplinary Hearing" was issued to plaintiff by

Officer F. Benson on March 15, 2009, charging plaintiff with violations of inmate rules 105 and

116.[4]  Officer Benson claimed that on that date, a search of Barony's cell revealed "2

scrape/sharpening marks on the floor of the cell by the doorway.  These marks appeared fresh….Also

a small stone that was covered with scrape marks was also found in the cell." ECF 1, Attachment, p.

6.

At the ensuing rule violation hearing on March 18, 2009, plaintiff waived representation by

an inmate representative, and called his cellmate as a witness in his defense.  Hearing Officer Davis

found plaintiff guilty of violating Rule 105, but not guilty as to Rule 116.  The hearing officer noted

that, after weighing and considering all the evidence, "it [was] more likely than not Def [sic] did

have joint accessibility to a item which was sharpened by scraping on his assigned cell floor.  I find

def would have had to been aware of the scrape marks and failed to report same as is

procedure/policy.  The scrapes marks are tantamount to weapon possession." *Id.*, p. 8-10.  The

---

[3] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on
January 24, 2012, plaintiff was notified that defendants had filed a dispositive motion, the granting
of which could result in the dismissal of his action. ECF 22. Plaintiff was also informed that he was
entitled to file materials in opposition to that motion within seventeen days from the date of that
letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the
like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of
summary judgment, without further notice from the court. *Id.*

[4] Rule 105 bars possession of a weapon or any article modified into a weapon, as well as
possession of any article that reasonably could be modified into a weapon.  Rule 116 concerns
"Misuse, tampering with, damaging, destruction or unauthorized possession of security
equipment, tools, property, uniforms, animals, etc."

hearing officer further indicated that, after weighing and considering all the evidence, including the notice of inmate rule infraction and digital photo, he was not persuaded by plaintiff's claim that he knew nothing about the marks. *Id.* Plaintiff was sanctioned with 200 days of segregation and an indefinite loss of visitation privileges. *Id.* at 11.

On April 17, 2009, the Warden, J. Philip Morgan, approved the decision of the hearing officer. *Id.* p. 13. He also recommended "60 days cell restriction. . . ." *See id.* p. 5 ("Administrative Action" dated April 22, 2009, signed by Warden Morgan).

Plaintiff filed a grievance with the Office of Administrative Hearings. A hearing was held on December 12, 2009, by Kathleen Chapman, an administrative law judge ("ALJ"). On February 25, 2010, the ALJ issued a proposed decision in which she found that there was not "substantial evidence" to support the guilty finding for a violation of Rule 105. *Id.* p. 30. She also expressed concern about the meager evidence adduced at the rule violation hearing, noting that the hearing officer's notes were limited and the transcript of the hearing was not available. *Id.* p. 31.

The decision of the ALJ was forwarded to the Secretary for review on March 4, 2010. On July 13, 2010, Secretary Maynard reversed the decision of the ALJ.[5] In an "Order Of The Secretary," he determined that the ALJ had substituted her judgment as to facts found by the hearing officer and concluded that the "substantial evidence" requirement had been met. According to Maynard, the ALJ also failed to take note of COMAR 12.02.27.03.C, which provides that "soliciting, conspiring to commit, attempting to commit, or aiding in the commission of a violation of established rules is a violation and carries the same sanction as though the inmate committed the violation."[6] *Id.* p. 22.

---

[5] Because the decision of the Secretary was not entered until July 13, 2010, plaintiff maintains that, under the Code of Maryland Regulations, the Secretary's decision was untimely.

[6] Had plaintiff conspired with or aided his cellmate in possessing a weapon, he would have

3

Barony sought judicial review of the Secretary's findings in the Circuit Court for Washington County.  In a Memorandum Opinion, the circuit court (McDowell, J.), carefully reviewed the evidence presented against Barony and reversed the decision of the Secretary.  The circuit court determined that plaintiff was never provided notice that he acted contrary to Division of Correction Directive 105-5 IV C, which makes it a violation to be "attempting to commit a violation or soliciting, conspiring, being an accessory to, or aiding in the commission of a rule violation." *Id*. p. 47.  Further, the court found that Hearing Officer Davis and the Secretary "had to resort to sheer speculation without adequate and substantial evidence in order to have reached their factual determinations." *Id.*  However, the court was satisfied that plaintiff suffered no prejudice in regard to the untimely issuance of the Secretary's Order. *Id.* p. 49.  Noting that § 10-209 of the Correctional Services Article ("C.S.") of the Maryland Code (2008) "provides no sanction for the Secretary's failure to issue the Order in a timely manner," the court declined to invalidate the Secretary's Order as the final Agency decision.  *Id.*

## Standard of Review

Defendant's motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, a motion for summary judgment under Fed. R. Civ. P. 56.  A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery County*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss."  *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007).  However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d).  If the court does so, "the motion must be treated as one for

---

violated Rule 105 and received the same sanction.

summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). When the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).[7]

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1366, at 159 (3d ed. 2004, 2011 Supp.). This discretion "should be exercised with great caution and attention to the parties' procedural rights." *Id.* at 149. In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id.* at 165-67.

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont*, *supra*, 637 F.3d at 448-49. However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without

---

[7] In contrast, a court may not convert a motion to dismiss to one for summary judgment *sua sponte*, unless it gives notice to the parties that it will do so. *See Laughlin*, 149 F.3d at 261 (stating that a district court "clearly has an obligation to notify parties regarding any court-instituted changes" in the posture of a motion, including conversion under Rule 12(d)); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials."); *see also Fisher v. Md. Dept. of Pub. Safety & Corr. Servs.*, Civ. No. JFM-10-0206, 2010 WL 2732334, at *3, 2010 U.S. Dist. LEXIS 68772, at *8-

discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)).  To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery.  Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)).[8]

Here, plaintiff has not filed an opposition to the motion.  Nor has he filed an affidavit under Rule 56(d).[9]  In my view, it is appropriate to address the Motion as one for summary judgment.

___

10 (D. Md. July 8, 2010).

[8] Notably, "'Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery.'" *Hamilton v. Mayor & City Council of Baltimore*, 807 F. Supp. 2d 331, 342 (D. Md. 2011) (quoting *Young v. UPS*, No. DKC-08-2586, 2011 WL 665321, at *20, 2011 U.S. Dist. LEXIS 14266, at *62 (D. Md. Feb. 14, 2011)).  "Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted).  A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir.), *cert. denied*, 555 U.S. 885 (2008).

[9] If a non-moving party believes that further discovery is necessary before consideration of summary judgment, the party fails to file a Rule 56(d) affidavit at his peril, because "'the failure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods,* 302 F.3d at 244 (citations omitted).  But, the non-moving party's failure to file a Rule 56(d) affidavit cannot obligate a court to issue a summary judgment ruling that is obviously premature.  Although the Fourth Circuit has placed "'great weight'" on the Rule 56(d) affidavit, and has said that a mere "'reference to Rule 56(f) [now Rule 56(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for [an] affidavit,'" the appellate court has "not always insisted" on a Rule 56(d) affidavit.  *Id.* (internal citations omitted).  According to the Fourth Circuit, failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the

6

Summary Judgment is governed by Fed. R. Civ. P. 56(a), which provides, in part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

In resolving the motion, the court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). However, "[t]he party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). Moreover, the court must abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

---

motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Id.* at 244-45 (internal citations omitted).

Because plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The court must also abide by the " 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.' " *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corporation v. Catrett*, 477 U.S. 317, 323–24 (1986)).

### Discussion

Plaintiff alleges, *inter alia*, that he was found guilty of a rule infraction concerning possession of a weapon, based on insufficient evidence.  He also complains that Secretary Maynard took more than fifteen days from receipt of the ALJ's proposed decision to rule, in violation of 12.07.01.11(3) of the Code of Maryland Regulations ("COMAR").

A.  Sovereign Immunity

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents.  *See Penhurst State School and Hospital v. Halderman*, 465 U. S. 89, 100 (1984).  Although the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. Code, State Gov't Article, § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court with respect to matters such as this one.  Thus, plaintiff's complaint against the DPSCS, an agency of the State of Maryland,  is barred by the Eleventh Amendment.

B.  Disciplinary Proceeding

In prison disciplinary proceedings which bring the possible loss of good conduct credits, a prisoner is entitled to certain due process protections.  *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974).  Procedural due process is satisfied if the prisoner receives advance written notice of the

8

charges, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. *Wolff*, 418 U. S. at 564-571. Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985).

It is clear that plaintiff was given timely advance written notice of the charged infraction and was permitted to attend the disciplinary hearing and to call a witness on his own behalf. He also received written findings of the hearing officer. Plaintiff's good conduct credit was never revoked and the sanction imposed was reversed by the Circuit Court for Washington County. Even if the adjustment hearing resulting in a guilty verdict was procedurally flawed, the Circuit Court's reversal cured any such defect. "[T]here is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process." *Morrisette v. Peters*, 45 F. 3d 1119, 1122 (7th Cir. 1995) (citing *Harper v. Lee*, 938 F.2d 104, 105 (8th Cir. 1991)); *see also Young v. Hoffman*, 970 F. 2d 1154, 1156 (2nd Cir. 1992) (administrative reversal is part of the due process protection afforded and cures any procedural defect that may have occurred.") Therefore, I am satisfied that the process afforded to plaintiff in his adjustment proceeding met with minimal constitutional standards.[10]

Plaintiff's claim that the Secretary violated the Code of Maryland Regulations by taking more than fifteen days to review the decision of the ALJ is unavailing. The adoption of procedural guidelines does not give rise to a liberty interest. The law is settled that the failure to follow a prison directive or regulation does not give rise to a federal claim, if constitutional minima are met. *See Myers v. Kelvenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).[11] Thus, the failure to follow regulations does not, in and of itself, result in a violation of due process. *See Weller v. Dept. of Social Services,* 901

---

[10] In light of the foregoing, I need not reach defendant Secretary Maynard's claim that he is entitled to qualified immunity.

[11] As noted by the circuit court, C.S. § 10-209 does not provide for a sanction for the

F.2d 387, 392 (4th Cir. 1990); *Culbert v. Young*, 834 F.2d 624, 628 (7th Cir. 1987).

## Conclusion

For these reasons, defendants' motion, construed as a motion for summary judgment, shall be GRANTED.   A separate Order follows.

Date: July 30, 2012                          /s/_____
                                             Ellen L. Hollander
                                             United States District Judge

---

Secretary's untimely filing.